IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 5 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00288-BNB

LEONARDO NUNEZ-VIRRAIZABAL,

Applicant,

v.

RENE G. GARCIA, Warden,

Respondent.

ORDER OF DISMISSAL

Applicant, Leonardo Nunez-Virraizabal, acting *pro se*, filed an Application for a

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of his

criminal conviction and sentence in the United States District Court for the Northern

District of Georgia.  On April 14, 2011, Magistrate Judge Boyd N. Boland ordered

Applicant to respond and show cause why the Application should not be denied

because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the

sentencing court.  Applicant has failed to respond within the time allowed.

The Court must construe the Application liberally because Applicant is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Court will deny the Application and dismiss the action.

Applicant asserts that he was convicted of one count of drug conspiracy and one

count of money laundering conspiracy and sentenced to 290 months in the Northern

District of Georgia.  Applicant further states that he appealed the conviction, which

resulted in a reduction of his sentence, and filed a second appeal along with a 28 U.S.C. § 2255 motion that were denied as meritless. In this action, Applicant asserts three claims challenging his conviction, including (1) his innocence of the 18 U.S.C. § 924(c)(1)(A) offense; (2) admission of prejudicial evidence at his trial; and (3) a violation of the Rules 52, 403, 702, and 901 of the Federal Rules of Evidence.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255. Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an

applicant's] detention." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011)

(citing 28 U.S.C. § 2255(e); *Bradshaw*, 86 F.3d at 166).  The narrow reading of the

savings clause is well established in the Tenth Circuit.  *See Prost v. Anderson*, 636 F,3d

578, 588 (10th Cir. 2011).  Rarely is a remedy inadequate or ineffective to challenge a

conviction in a § 2255 motion.  *Brace*, at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070,

1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the

§ 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177,

1178 (10th Cir. 1999) ( The remedy available pursuant to § 2255 is inadequate or

ineffective only in "extremely limited circumstances.") .

The remedy available pursuant to § 2255 may be inadequate or ineffective if the

sentencing court has been abolished, refuses to consider the § 2255 motion,

inordinately delays consideration of the § 2255 motion, or is unable to grant complete

relief.  *See Caravalho*, 177 F.3d at 1178.  Applicant does not assert any of these

circumstances.  Another circumstance where the remedy in a § 2255 motion may be

inadequate and ineffective is where the gate-keeping language of § 2255 bars

retroactive application of a Supreme Court case that does not state a new rule of

constitutional law but demonstrates an applicant is actually innocent.  *United States v.*

*Apodaca*, 90 F. App'x 300, 303 n. 8 (10th Cir. Jan. 30, 2004) (unpublished) (citing

*Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (allowing a

habeas corpus application pursuant to § 2241 on a showing of actual innocence)).  The

Tenth Circuit, however, has explicitly declined to adopt the *Reyes-Requena* test.  *See*

*Prost*, 636 F.3d at 593-94.  Furthermore, both the erroneous circuit foreclosure test, *see*

*In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998), and a novel argument for relief, are

rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to

3

§ 2241. *Prost*, 636 F.3d at 593-94.

Finally, Applicant bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Id.* at 584. The fact that Applicant's § 2255 motion lacked merit does not render it inadequate or ineffective. *See Williams*, 323 F.2d at 673. "[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the [applicant] with a *chance* to *test* his sentence or conviction." *Prost*, 636 F.3d at 587. The Court, therefore, finds that Applicant fails to demonstrate the remedy available to him pursuant to § 2255 is inadequate or ineffective. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Applicant fails to assert that his remedy in the United States District Court for the Northern District of Georgia is ineffective and inadequate.

DATED at Denver, Colorado, this __25th__ day of ___May_____, 2011.

BY THE COURT:

_s/Lewis T. Babcock_____
LEWIS T. BABCOCK , Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 11-cv-00288-BNB

Leonard Nunez-Virraizabal
Reg. No. 54998-019
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on February 17, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk